UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

THOMAS HENDERSON,            )
                            )
        Plaintiff,          )
                            )
    v.                      )        2:14-cv-00362-NT
                            )
VICTORIA ROGERS, *et al.*,  )
                            )
    Defendants              )

## RECOMMENDED DECISION

In this action, Plaintiff Thomas Henderson, proceeding *pro se*, alleges that Defendants
failed to treat him properly in connection with a medical incident occurring at the Maine
Correctional Center.

The matter is before the Court on the Motion to Dismiss of Defendants Keith, Garland,
Reed, and Smith (the "Correctional Defendants") (ECF No. 11) and the Motion to Dismiss of
Defendants Rogers and Stockwell (the "Medical Defendants") (ECF No. 15).[1]  As explained
below, following a review of the pleadings, and after consideration of the parties' arguments, the
recommendation is that the Court grant the motions.

### FACTUAL BACKGROUND

The facts set forth herein are derived from Plaintiff's Complaint (ECF No. 1), which facts
are deemed true when evaluating the Motion to Dismiss.[2]  *Beddall v. State St. Bank & Trust Co.*,
137 F.3d 12, 16 (1st Cir. 1998).  In his Complaint, filed September 12, 2014, Plaintiff stated that
he sued each individual defendant in his or her "official capacity" and alleged that Defendants,

---

[1] The Court referred the motions for report and recommended decision.

[2] The reference to the facts as alleged should not be construed as a determination that the alleged facts are accurate.
The alleged facts are recited in the context of the standard of review for a motion to dismiss.

who consist of a group of corrections officers and a group of medical providers, failed to address properly a medical incident. Plaintiff asserts that on July 12, 2014, at 7:39 p.m., Plaintiff reported to Defendant David Keith, the corrections officer on duty, that he had sneezed, had become incontinent of urine, could not move from his seated position, and was in a lot of pain. Defendant Keith called the medical department. Defendant Victoria Rogers, a medical technician and employee of Correctional Care Services, responded to the call. According to Plaintiff, Defendant Rogers initially laughed when Plaintiff said he could not move. By 7:55 p.m., Defendant Rogers called Defendant Dr. Stockwell, who advised Defendant Rogers that she should provide Plaintiff with hydrocodone and attempt to get Plaintiff into his bed. Defendant Rogers administered the drug and returned at approximately 8:15. At that time, Plaintiff still complained of great pain and advised that he could not feel his legs and was still sitting in his urine. Defendant Rogers consulted Dr. Stockwell again, and he directed Defendant Rogers to give Plaintiff an injection of Toradol. Defendant Rogers, however, consulted Plaintiff's medical chart and noted that Plaintiff has an allergy that precludes Plaintiff taking Toradol.

At 8:15, Defendants had two inmates hold Plaintiff while the table on which he was seated was removed and a wheelchair was placed beneath Plaintiff. Defendants attempted to move Plaintiff to his cell, but the cell door would not accommodate his wheelchair. Plaintiff waited outside his cell for a period of time, and he was incontinent of urine once more. Plaintiff advised Defendant Keith of that fact.

At or around 10:15 p.m., all named Defendants except Dr. Stockwell rolled Plaintiff into the bathroom of his housing unit and attempted to move him, without success, into another chair. Plaintiff asserts that Defendant Rogers declined to help bathe him. At that time, Defendant Captain Kenneth Reed asked Defendant Rogers about Dr. Stockwell's recommendation. Defendant Rogers

advised that Dr. Stockwell had not answered the phone. Defendant Reed instructed Defendant Rogers to call the Health Services Administrator, who authorized Defendants to call an ambulance. Plaintiff alleges that while they waited for the ambulance to arrive, Defendant Rogers asked Plaintiff not to tell anyone that she had refused to clean him. Plaintiff asserts that he was not cleaned for three and one half hours.

At the hospital, Plaintiff received an MRI. The MRI revealed degenerative disk disease at multiple levels, including discs one through five of the lumbar spine, and sacral disc one.

Plaintiff alleges that Defendants' response to his medical condition violated his constitutional rights and amounted to a breach of the standard of medical care. Plaintiff also alleges assault. Plaintiff requests declaratory relief, compensatory damages, and punitive damages. Plaintiff's request for money damages is based on the fact that he had "to sit in his own urine for hours," and that he was not brought to the hospital "timely."

DISCUSSION

## A. Standard of Review

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a party may seek dismissal of "a claim for relief in any pleading" if that party believes that the pleading fails "to state a claim upon which relief can be granted." In its assessment of the motion, courts must "assume the truth of all well-plead facts and give the plaintiff[] the benefit of all reasonable inferences therefrom." *Blanco v. Bath Iron Works Corp.*, 802 F. Supp. 2d 215, 221 (D. Me. 2011) (quoting *Genzyme Corp. v. Fed. Ins. Co.,* 622 F.3d 62, 68 (1st Cir. 2010)). To overcome the motion, a plaintiff must establish that his allegations raise a plausible basis for a fact finder to conclude that one or more defendants are legally responsible for the claims at issue. *Id.* The relevant question when assessing plausibility "is not whether the complaint makes any particular factual allegations but, rather,

whether 'the complaint warrant[s] dismissal because it failed *in toto* to render plaintiffs' entitlement to relief plausible.'" *Rodríguez–Reyes v. Molina–Rodríguez,* 711 F.3d 49, 55 (1st Cir. 2013) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 569 n.14 (2007)).

## B.    The Motions

The Correctional Defendants contend that they are entitled to dismissal of Plaintiff's claims because, even if the allegations are true, they do not state a claim of deliberate indifference to a serious medical need. The Correctional Defendants also argue that dismissal is warranted because Plaintiff has sued them in their official rather than personal capacities. (Correctional Defendants' Reply, ECF No. 19, at 1.) They otherwise assert that the state law negligence claim should be dismissed without prejudice because it is not within this Court's original jurisdiction. (Correctional Defendants' Motion to Dismiss, ECF No. 11.)

The Medical Defendants contend that they are entitled to dismissal of Plaintiff's claims because he did not exhaust administrative remedies,[3] because he has failed to allege facts that constitute deliberate indifference, and because he has failed to preserve his state law negligence claim as required by the Maine Health Security Act. (Medical Defendants' Motion to Dismiss, ECF No. 15.)

## C.    Plaintiff's Federal Claim

Plaintiff's claim of deliberate indifference to a serious medical need is the sole claim within this Court's original jurisdiction. The claim arises under the Fourteenth Amendment and is asserted under the federal civil rights statute, 42 U.S.C. § 1983. Defendants' challenge to Plaintiff's claim requires an analysis of the Prison Litigation Reform Act, 42 U.S.C. § 1983 and the Eleventh Amendment, and the deliberate indifference standard.

---

[3] Plaintiff's Complaint states that he did exhaust administrative remedies. (PageID # 2.) See also the attachments to Plaintiff's Opposition to Medical Defendants' Motion to Dismiss. (ECF Nos. 20-2, 20-3, 20-4.)

## 1.    The Prison Litigation Reform Act

Pursuant to the Prison Litigation Reform Act (PLRA): "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."   42 U.S.C. § 1997e(a).   Failure to exhaust under the PLRA is an affirmative defense that "must be raised and proved by the defense."   *Cruz–Berríos v. González–Rosario,* 630 F.3d 7, 11 (1st Cir. 2010).   Absent a clear indication in a prisoner's complaint that he has not properly exhausted administrative remedies, the affirmative defense of failure to exhaust is a matter for a summary judgment motion rather than a motion to dismiss.   *Cf. R.G. Fin. Corp. v. Yergara–Nunez,* 446 F.3d 178, 182 (1st Cir. 2006) ("There is no resolution of contested facts in connection with a Rule 12(c) motion: a court may enter judgment on the pleadings only if the properly considered facts conclusively establish the movant's point.").   In this case, Plaintiff has alleged that he filed a grievance, which filing suggests that Plaintiff pursued his administrative remedies.   Because Plaintiff's Complaint does not conclusively establish that Plaintiff failed to exhaust his administrative remedies, Defendants are not entitled to dismissal on that basis.

## 2.    42 U.S.C. § 1983 and the Eleventh Amendment

Pursuant to the federal civil rights statute:

> Every *person* who, under color of any statute, ordinance, regulation, custom, or usage ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law ....

42 U.S.C. § 1983 (emphasis added).

In his Complaint, Plaintiff asserts his claims against Defendants exclusively in their "official" capacities.   However, when state officers, such as the Correctional Defendants, are

employed by a state agency, such as the Maine Correctional Center,[4] an official capacity claim is, effectively, a claim against the State itself. *Will v. Mich. Dep't of State Police,* 491 U.S. 58, 71 (1989). Because a state is not a "person" within the meaning of § 1983 and because § 1983 does not expressly abrogate the immunity provided to states under the Eleventh Amendment of the U.S. Constitution, section 1983 does not authorize a claim against the states. *Id. at* 64; *see also Nieves–Marquez v. Puerto Rico,* 353 F.3d 108, 124 (1st Cir.2003) ("No cause of action for damages is stated under 42 U.S.C. § 1983 against a state, its agency, or its officials acting in an official capacity."). Plaintiff's "official capacity" section 1983 claim against the Correctional Defendants,[5] therefore, is subject to dismissal.[6] Additionally, even if Plaintiff requested leave to amend his Complaint to assert "personal capacity" claims, as explained below, Plaintiff would still fail to state a claim of deliberate indifference.

### 3. *Deliberate indifference*

"Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII. "From this brief amendment, courts have derived the principles that govern the permissible conditions under which prisoners are held and that establish the medical treatment those prisoners must be afforded." *Kosilek v. Spencer*, 774 F.3d 63, 82 (1st Cir. 2014) (citing *Farmer v. Brennan,* 511 U.S. 825, 832 (1994)). "Undue

---

[4] The Maine Correctional Center is a state facility operated by the Maine Department of Corrections. *See* 34-A M.R.S. §§ 3001, 3401-3407.

[5] The claim against the Medical Defendants is not necessarily a claim against the State, because they are not state officers. Moreover, the Medical Defendants have not argued that dismissal of the claim against them would be required based on Plaintiff's decision to sue them in an official capacity.

[6] In an official capacity claim against a state office holder, a federal court can award prospective injunctive relief against the office holder. *Hutto v. Finney,* 437 U.S. 678, 690 (1978) (citing *Ex parte Young,* 209 U.S. 123 (1908)). However, Plaintiff's allegations do not describe an ongoing violation on the part of the corrections officers.

suffering, unrelated to any legitimate penological purpose, is considered a form of punishment proscribed by the Eighth Amendment." *Id.* (citing *Estelle v. Gamble,* 429 U.S. 97, 103 (1976)).[7]

To succeed on a claim of inadequate or delayed medical care, a plaintiff must satisfy both an objective and a subjective standard. *Leavitt v. Corr. Med. Servs.*, 645 F.3d 484, 497 (1st Cir. 2011). The objective standard evaluates the seriousness of the risk of harm to health. There must be "a sufficiently substantial 'risk of serious damage to [the inmate's] future health.'" *Farmer v. Brennan*, 511 U.S. 825, 843 (1994) (quoting *Helling v. McKinney*, 509 U.S. 25, 35 (1993)). A medical need is "serious" if it has been diagnosed by a physician as mandating treatment, or is so obvious that even a lay person would recognize a need for medical intervention. *Leavitt*, 645 F.3d at 497; *Gaudreault v. Mun. of Salem*, 923 F.2d 203, 208 (1st Cir. 1990), *cert. denied*, 500 U.S. 956 (1991)). The subjective standard concerns the culpability of the defendant. A plaintiff must present evidence that the defendant possessed a culpable state of mind amounting to "deliberate indifference to an inmate's health or safety." *Farmer*, 511 U.S. at 834 (internal quotation marks omitted). Deliberate indifference is akin to criminal recklessness, "requiring actual knowledge of impending harm, easily preventable." *Feeney*, 464 F.3d at 162 (quoting *Watson v. Caton*, 984 F.2d 537, 540 (1st Cir. 1993)). The focus of the deliberate indifference analysis "is on what the

---

[7] As stated in *Estelle*:

> An inmate must rely on prison authorities to treat his medical needs; if the authorities fail to do so, those needs will not be met. In the worst cases, such a failure may actually produce physical torture or a lingering death, the evils of most immediate concern to the drafters of the [Eighth] Amendment. In less serious cases, denial of medical care may result in pain and suffering which no one suggests would serve any penological purpose. The infliction of such unnecessary suffering is inconsistent with contemporary standards of decency as manifested in modern legislation codifying the common-law view that it is but just that the public be required to care for the prisoner, who cannot by reason of the deprivation of his liberty, care for himself.

429 U.S. at 103-04 (internal quotation marks and citation omitted).

jailers knew and what they did in response." *Burrell v. Hampshire Cnty.*, 307 F.3d 1, 8 (1st Cir. 2002).

Deliberate indifference must be distinguished from negligence. As the First Circuit explained:

> A finding of deliberate indifference requires more than a showing of negligence. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (holding that "[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner"); *Sires v. Berman*, 834 F.2d 9, 13 (1st Cir. 1987). A plaintiff claiming an eighth amendment violation with respect to an inmate's serious mental health or safety needs must allege "acts or omissions sufficiently harmful to evidence deliberate indifference." *Estelle*, 429 U.S. at 106; *see also Cortes-Quinone v. Jimenez-Nettleship*, 842 F.2d 556, 558 (1st Cir.), *cert. denied*, 488 U.S. 823 (1988). Although this court has hesitated to find deliberate indifference to a serious need "[w]here the dispute concerns not the absence of help, but the choice of a certain course of treatment," *Sires*, 834 F.2d at 13, deliberate indifference may be found where the attention received is "so clearly inadequate as to amount to a refusal to provide essential care."

*Torraco v. Maloney*, 923 F.2d 231, 234 (1st Cir. 1991).

Here, Plaintiff plainly complains about the "choice of a certain course of treatment." *Sires*, 834 F.2d at 13. That is, Plaintiff's allegations would not support the conclusion that Defendants disregarded Plaintiff's well-being. Instead, Plaintiff alleges that rather than assist Plaintiff in the manner in which they did (*i.e.*, through medication, relocation, rest, and observation before transportation to the hospital), Defendants should have immediately called an ambulance to transport Plaintiff to the hospital.

Even assuming, *arguendo*, that Plaintiff has alleged sufficient facts to support a claim that the condition was serious, Plaintiff has failed to allege facts to support the contention that Defendants had the requisite state of mind to constitute deliberate indifference. In other words, Plaintiff has alleged no facts to suggest that Defendants had "actual knowledge of impending harm, easily preventable." *Feeney*, 464 F.3d at 162. Indeed, according to Plaintiff, Defendants responded

promptly to his complaints, medical personnel were consulted, Defendants reviewed his medical chart, and Defendants monitored his condition before he was transported.[8]  Furthermore, nothing about the diagnosis that Plaintiff allegedly received after transportation to the hospital suggests the presence of an obvious condition that was easily preventable.  In short, while Plaintiff has arguably stated a claim for medical negligence, he has failed to state a claim for deliberate indifference against any of the defendants.

## D.    Plaintiff's State Law Claims

Plaintiff's Complaint includes allegations of assault[9] and medical negligence.[10]  If the Court concludes that the federal claim should be dismissed, the Court should decline to exercise supplemental jurisdiction over the state law claims.  *See* 28 U.S.C. § 1367(c)(3); *Rodriguez v. Doral Mortgage Corp.,* 57 F.3d 1168, 1177 (1st Cir.1995) ("As a general principle, the unfavorable disposition of a plaintiff's federal claims at the early stages of a suit, well before the commencement of trial, will trigger the dismissal without prejudice of any supplemental state-law claims.").

## CONCLUSION

Based on the foregoing analysis, the recommendation is that the Court:

---

[8] Plaintiff's allegation that Defendant Stockwell did not answer his phone when Defendant Rogers called is not, on its own, sufficient to constitute deliberate indifference.

[9] Plaintiff alleges assault in the initial paragraph of his non-form Complaint.  (PageID # 4.)  However, in his subsequent filings in opposition to the pending Motions to Dismiss, Plaintiff voluntarily dismisses his assault claim.  (See ECF No. 18, PageID # 71.)

[10] Plaintiff's medical malpractice (medical negligence) claim is necessarily limited to the Medical Defendants.  The Medical Defendants argue that any claim of malpractice is barred by Plaintiff's failure to perform the pre-litigation measures required under the Maine Health Security Act (MHSA), 24 M.R.S. § 2903(1).  *See Daigle v. Maine Med. Ctr., Inc.,* 14 F.3d 684, 687 (1st Cir. 1994) ("By its terms, the Act requires parties to submit medical malpractice claims to a prelitigation screening panel as a condition precedent to court access, unless both sides agree to bypass the panel hearing.").  However, the Court would not be required to dismiss the claim, if it elected to retain jurisdiction over the supplemental state law claims.  *Henderson v. Laser Spine Inst.*, 815 F. Supp. 2d 353, 383 (D. Me. 2011); *Brand v. Seider*, 1997 ME 176, ¶ 6, 697 A.2d 846, 848.

(1) Grant the Correctional Defendants' Motion to Dismiss (ECF No. 11);

(2) Grant the Medical Defendants' Motion to Dismiss (ECF No. 15);

(3) Dismiss Plaintiff's 42 U.S.C. § 1983 deliberate indifference claim with prejudice; and

(4) Decline to exercise jurisdiction over Plaintiff's state law claims, and dismiss Plaintiff's state law claims without prejudice.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 3rd day of March, 2015.